## George Wilde *vs.* The Commonwealth.

A writ of error lies to reverse a sentence of additional punishment awarded on an information against convicts who have been before convicted and sentenced to the state prison.

The validity of former convictions and sentences cannot be drawn in question on an information for additional punishment, but they are held to be valid until reversed on error.

An information for additional punishment need not set forth the previous convictions and sentences *in extenso,* but is sufficient, if it set forth the convictions with such particularity as to identify them and indicate the character of the offence charged, and if it also set forth the sentences with such exactness as to show that they bring the convict within the law for additional punishment.

An information for additional punishment for a third offence of a convict, who has been before sentenced to additional punishment for a second offence, is irregular, if not fatally defective, if it merely recite the first information in which the two former convictions were averred, instead of directly averring them.

The offence of breaking and entering, in the night time, "a house not occupied as a dwellinghouse," and stealing therein goods of less than $ 100 value, was a simple larceny only and not punishable by solitary imprisonment, and confinement to hard labor in the state prison for the term of two years, either by *St.* 1804, *c.* 143, or *St* 1805, *c.* 101.

A person convicted in 1833, under *St.* 1815, *c.* 136, of cheating by false pretences, might legally be sentenced to pay a fine and costs within a limited time, and in default thereof to suffer imprisonment, &c. according to the provisions of *St.* 1788, *c.* 53.

A sentence to imprisonment, if a fine and costs be not paid within a limited time, is not for non-payment of the fine and costs, but for the offence of which the party is convicted ; and if the fine and costs be not paid within the time limited, the sentence to pay them becomes null, and the sentence to imprisonment alone remains in force.

The *St.* of 1815, *c.* 136, did not authorize a sentence to solitary imprisonment, in addition to that of confinement to hard labor, for the offence of cheating by false pretences : Nor was such sentence authorized by *St.* 1812, *c.* 134.

THREE writs of error ; the first two to reverse judgments rendered by the municipal court on two several indictments, and the third to reverse a judgment of the same court on an information, filed by the attorney of the Commonwealth for this county, at the December term 1840, of said court, for an additional punishment, under the provisions of the "act to amend the revised statutes." This information alleged, that a former information for additional punishment of said Wilde had been filed in the municipal court, at the December term thereof, 1835, "*in which* (last mentioned) *information it was set forth and alleged,*

that said Wilde " had, at the December term of said court, in 1833, been indicted, tried, convicted, and sentenced for the crime of cheating Nathan Tufts by false pretences ; that he afterwards, at the June term of said court, 1835, had been indicted, &c. and sentenced, for the crime of breaking and entering a house of Elijah Esty, in the night time, and committing a larceny therein ; and that on the information, so filed at said December term 1835, a sentence of additional punishment (stating it) was awarded by said court against said Wilde ; which sentence had been executed, and he had been therefrom discharged, &c. The information (filed at December term 1840) then averred that said Wilde, at the February term of said court, 1839, was indicted and convicted on his own confession, and was afterwards, at the March term 1839, sentenced to five days' solitary imprisonment, and two years' confinement to hard labor in the state prison, for the crime of larceny in the dwellinghouse of Bradford S. Newcomb ; and it prayed that such proceedings might be had in the premises, that the additional punishment prescribed by statute might be awarded against said Wilde. On the return of the process which issued on said information, said Wilde, on being set to the bar, " said that the charges contained in this information are true " ; and at the January term of said court, 1841, it was ordered by the court, that said Wilde be punished by solitary imprisonment one day, and afterwards by confinement to hard labor seven years in the state prison, from and after the expiration of the sentence awarded against him on the conviction last above mentioned.

*G. Bemis,* for the plaintiff in error.

*Austin,* (Attorney General,) for the Commonwealth.

SHAW, C. J.   One of these writs of error was brought to reverse a judgment of the municipal court, for the last January term, on an information charging the prisoner with having been, at two different times, sent to the state prison, and discharged, and then convicted and sent a third time ; and the object of the information was, to have the additional sentence imposed, which the law inflicts for such third offence.

A doubt was suggested, whether a writ of error would lie to

reverse the judgment upon such an information, it being rather a revival and continuance of the proceedings on the last previous conviction, and an additional judgment and sentence, than an original, distinct, substantive proceeding. But we can perceive no sufficient ground for such a doubt. The *result* is, no doubt, an additional punishment for the offence of which the prisoner was last convicted, aggravated by previous convictions, and sentences to the state prison ; but the mode of arriving at that result is by a new and distinct prosecution, commencing with the information, and followed by a separate and distinct sentence, imposed not necessarily by the same court which rendered the original judgment, but by a court invested by law with jurisdiction to hear and adjudicate on such information. Judgment on an information is a regular common law judgment ; the statute authorizes proceeding by information, and therefore we think that the proper mode of inquiring into its validity is by writ of error.

An objection was taken to the information, because, instead of setting forth the former convictions and sentences by direct averment, it merely set forth a former information, in which they were averred. This is a mode of setting out the former convictions which seems irregular, and not to be commended, but whether it is a sufficient irregularity to invalidate the judgment, we have had no occasion to consider. (See *post,* 413.)

Some objections were taken to the validity of this judgment on the information, arising from alleged errors and defects in the judgments therein set forth as the basis of a judgment for additional punishment. But we are of opinion, that the validity of such previous judgments is not open to consideration on the information. Such judgments must be taken to be valid, until reversed for error. It is, therefore, not necessary to set forth the full and entire record of such previous conviction *in extenso ;* it is sufficient to set it forth with such particularity as to identify it, and indicate the nature and character of the offence charged, and to set forth the sentence or judgment, with so much exactness, as to show that it was such a conviction as brings the convict within the law providing for the additional punishment sought for by the information.

It having been understood, heretofore, that the validity of the previous judgments could not be drawn in question, on the ground of any supposed errors or defects therein, on a writ of error seeking to reverse the judgment on the information, two other writs of error have been brought by the convict, Wilde, with a view to reverse those previous judgments, which we will now consider.

One of the previous convictions, set forth in the information, was at the municipal court, June term 1835, in which the prisoner, by the name of William Wise, was charged with breaking and entering, on the 28th of April, 1835, in the night time, "a certain house not then occupied as a dwellinghouse," and stealing therein goods and chattels to the amount of about sixteen dollars. As this is brought within none of the cases of aggravated larceny, it is conceded by the Attorney General, that the sentence of one day solitary imprisonment and two years at hard labor in the state prison was not warranted by law, and he does not object, therefore, to a judgment of re versal.

The other writ of error was brought to reverse a judgment of the municipal court, rendered at December term 1833. The prisoner was indicted for cheating one Nathan Tufts by false pretences ; and on conviction was sentenced to pay a fine of fifty dollars and costs of prosecution, and if said fine and costs were not paid in ten days, then, in lieu thereof, that said Wilde be punished by solitary confinement one day, and afterwards by confinement to hard labor one year, in the state prison.

The error assigned is, that the law did not warrant this sentence. The first exception is, that St. 1815, c. 136, § 1, did not authorize a sentence to payment of costs. This statute, in providing for the punishment of cheating by false pretences, directed that any person, on conviction, " be sentenced to pay a fine, not less than $40, and not exceeding $400, or be sentenced to be confined to hard labor, for a term not exceeding seven years." In regard to costs, it has been held that where the statute authorizes a punishment by fine, costs may be awarded as incident, and that the party convicted may be committed

till such fine and costs be paid. If costs are not authorized in terms, they are by necessary implication from the various statutes directing how and by whom a prisoner may be discharged from jail, who stands imprisoned for the non-payment of fine and costs only. *St.* 1833, *c.* 9. Rev. Sts. *c.* 145, § 3. *Harris* v. *The Commonwealth*, 23 Pick. 280.

Another exception is, that having been sentenced to pay a fine and costs, the prisoner could only be imprisoned until pay n.ent, or discharge in due course of law, and that this could not exceed three months. We are of opinion, that by *St.* 1788, *c.* 53, § 1, the court was fully authorized to impose the conditional or alternative sentence awarded in the present case. The convict was not sentenced to a year's imprisonment, for non-payment of fine and costs ; but in the event of such non-payment within the time limited, then the sentence to payment of fine and costs became null, and the alternative sentence alone remained in force. See Rev. Sts. *c.* 139, §§ 2, 3.

The other error assigned is, that the statute of 1815, *c.* 136, on which this indictment for cheating by false pretences was founded, although it provided for hard labor for a term not exceeding seven years, did not authorize solitary imprisonment, and that it was not aided by *St.* 1812, *c.* 134, which was limited to cases *then* punishable by whipping, imprisonment in the county jail, or other like punishments. The court are of opinion that this objection is well founded ; that by the true construction of *St.* 1815, *c.* 136, it did not warrant a sentence to any term of solitary imprisonment, and therefore that in this respect the judgment was erroneous and must be reversed.

Two of the judgments, upon which this judgment on information was founded, being thus reversed, that judgment cannot be sustained ; and as it appears, by the last conviction and sentence, that the time for which the last sentence was imposed has now just expired, the court are of opinion that the prisoner is entitled to be now discharged from his imprisonment under the sentence upon the information.

*Judgment on the information reversed.*